Our sixth case for this morning is Ming Chen v. Attorney General Sessions Mr. Carpenter Good morning. May it please the court. Robert Carpenter for Ming Chen, the appellant. Mr. Chen became a permanent resident in 2001 at 11 years of age. His upbringing was not consequential except that he worked hard and his upbringing culminated with a trip to Champaign, Illinois to attend college. He was unfortunately convicted in Champaign County, Illinois of possession with intent to deliver 10 to 30 grams of marijuana in violation of 720 ILCS 555 part C in 2010. In 2011 he was convicted of the same offense only under subpart D which proscribes 30 to 500 grams. So just to be picky about it, as I recall, D, it's like when you were in math class, you know, are you looking at the greater than sign or the greater than or equal to sign? And this seems to be more than 30 grams, right? I would agree. Which is why your argument is 30.001. I would agree. Yes, yes, that's my understanding as well, Your Honor, and I believe it was the immigration judge's understanding as well. Okay. He was detained by ICE after international travel in 2016 and he's been in custody since because it's a mandatory detention case. He's married to a U.S. citizen who's a certified public accountant and a couple of plans to have children in the near future. And he's by all accounts a changed man since those indiscretions in college. During his removal proceedings he asserted eligibility for cancellation of removal under... Illinois law has changed on marijuana since that time. Yes, quite a bit has changed. Absolutely. And he asserted cancellation of removal eligibility under subpart A of INA 240, large A, and would have been prima facie eligible for that relief but for determination of an aggravated felony on either one of the two convictions. The immigration judge agreed with our position that 10 to 30 grams was a small amount, taking into account the Moncrief mandate that the lesser, the least culpable offense within that range be considered. So could I cut to the chase and ask you if your argument is essentially that the board failed to follow Moncrief because instead of looking at 30 to 500 as though it was a very tiny amount above 30, the low end, they looked at it as going all the way up to 500 or perhaps even looked at the underlying offense conduct as opposed to the categorical 30 to 500. Yeah, that is our... And Moncrief requires it down at the, I mean, you can call it 31, it doesn't matter. That is our complaint. And I don't know that you know that from reading the board's opinion or the IG's opinion because they don't really say why it's not a small amount. Instead, they simply rely on the upper limit of 30 grams as articulated in a couple of cases which didn't say that. They said that it was a useful guidepost only. Right. And that's obviously the crux of our complaint. Well, 30 grams is a hair above an ounce. That's correct. Yeah, which is significant because... Or 31 grams. Right. And as your Honor observed, there's now eight states plus the District of Columbia, seven of which allow one to purchase that amount almost over the counter for recreational use. And Maine allows 73 grams to be purchased over the counter now. So the world has changed. There's no question. You said it's a lot of recreation. Yeah, there's an argument for that to be sure. So at the end of the day, I think our argument is contingent on the reading of what constitutes a small amount. There's no disagreement with the fact that there's no remuneration required by the statute. There's no disagreement between the parties that the Moncrieff analysis should vest here and that the lower end has to be considered. And there's really no disagreement that both tribunals held that more than 30 was just necessarily not a small amount. And that's predicated really on nothing substantively. And obviously the government's position that our position doesn't have any authority can be addressed as well because the cases do say that it's a useful guidepost. And in Damerville, this court held that that useful guidepost idea was very much in play and the context of the possession and distribution had to be considered. And that certainly was not considered by either the IJ or the Board in this particular case because no testimony was adduced. The cancellation of removal application was pretermitted and he was sent on his way with a deport order. So no context was ever considered and it should be remanded for that reason at the very least, if not with an order requiring a small amount to be found in this particular instance. And that's what we would ask. All right. I can reserve the rest of my time. Certainly. Thank you. Mr. Spurlock. May it please the Court. Matthew Spurlock on behalf of the United States. The petitioner's conviction for possession with intent to distribute more than 30 grams but not more than 500 grams of cannabis under 550D or 5D, I should say, categorically constitutes an aggravated felony drug trafficking conviction under the Controlled Substances Act. I don't see why that's true, actually. I mean, we've held, first of all, that there's no reason to give the Board Chevron deference for its interpretation of the Controlled Substances Act. That's not an immigration statute. And secondly, the floor for the subpart D offense, you know, is 30.1 grams or put whatever zeros you want, you know, a shade above 30 grams. And so under the categorical approach, we need to look at this as though this is a 30.1-gram case. I mean, we all know what the facts are, but we're not looking at those. And Moncrief doesn't have a word about the rigidity of that 30-gram line that the government is arguing for here. Indeed, quite to the contrary. It says we're not adopting a rigid test. That's absolutely correct, Your Honor. It's just a guidepost. So how can the government take this position? It's just a guidepost. The Moncrief court reserves the issues, what's small enough. And so you get some, to the extent of a tenth of a gram, you get flexibility in there. I don't see how that doesn't lead one to say this is also a small amount. And, you know, if Illinois had a 30 to 100-gram band in its statute instead of going all the way up to 500, you would just say, well, you don't get to the aggravated felony until you're at the 100 to 500 level. It just happens that Illinois didn't write the statute that way. You're absolutely correct, Your Honor. The 30 grams that was mentioned in Castro-Rodriguez is just simply a guidepost. It's exactly what was mentioned in Moncrief and which petitioner has also argued, and there's no dispute about that, it's just simply a guidepost. But just because it's a guidepost doesn't mean it can't go below 30 grams, as I mentioned in the Third Circuit case that recently came out, although it was unpublished, where the court there found an ounce of marijuana was enough to constitute not a small amount as well. Well, it probably does. I mean, I don't know. It's a categorical determination of when, and we have this legal issue, is this particular offense under Illinois law the greater than 30 but not more than 500 range, something that is an aggravated felony. But Moncrief tells us we look at the greater than 30 end because you could be charged because we're not looking at the underlying conduct. And it seems to me when you do that, it's completely arbitrary to draw a distinction between 30.00 grams and 30.01. And this was just recreation. You know, the guy's not really doing anything. It's probably not even illegal at this point. Your Honor, one thing I would direct your attention to would be just the structure of the statute itself. I mean, the structure of the statute lists first Section B criminalizes 2.5 to 10 grams, which is considered a misdemeanor. I understand that. And first he gets the C offense, and then he gets the D offense. And I'm saying if D was divided up more finely, maybe this wouldn't feel as annoying to you. But D happens to have a fairly wide range from roughly an ounce up to half a kilo is what D covers. You're right, Your Honor. Whatever it is, 28.35 grams is an ounce. So we'll just say roughly an ounce up to half a kilo. That's right, Your Honor. But the important thing here is that it's more than 30 ounces, and it goes in 30 grams and goes up to 500 grams. No, but it goes up to more than 30 grams, you would agree, could mean 30.1. Oftentimes you measure these things in milligrams. Absolutely. But I suppose the argument could be it could be less than 30 grams, too, because we're just using a guidepost. If we're looking just at the statute, the statute criminalizes more than 30 grams to 500. The board and the immigration judge, they have the obligation to figure out is that a small amount or is that not a small amount. Well, I think what some of this discussion has gotten at is if you're running a prison, for example, you might be worried about much less than 30 grams. You might not want any marijuana in the prison because prisons need to keep control and so forth. But that's not the context of this case. It's not the context of Mr. Chen's conviction. And what you're telling us is even though you're not, the board itself is not charging the subpart C offense as an aggravated felony, but it thinks that the 30 grams that we need to look at for the subpart D transforms it, which seems irrational. Honestly, Your Honor, I think, first of all, you mentioned the Seventh Circuit case, I believe Damerville, that said that 17.5 grams was not a small amount for those purposes. But the difference there is that was at a time when we were able to look at circumstance-specific factors, which we're no longer able to do after Moncrief. That's correct. And Moncrief tells us which end of these spans we're supposed to focus on. That's correct, Your Honor. And I would also look to also the fact that it's the petitioner in this case who has the burden of proof. He has the burden of proof of proven eligibility for cancellation of removal, and therefore he has the burden to show that he was not convicted of an aggravated felony. But I agree with all of that. But the point is the characterization of a hair above 30 grams. That's the legal issue. Has the Board properly characterized that as an aggravated felony or not? And did the Board use the right analytical approach as it made its decision? I think the Board just simply looked to its prior case, Castro-Rodriguez. Did the Board look at Moncrief, though? Absolutely, Your Honor. Did the Board pay attention to the fact that you look at the low end? Absolutely, Your Honor. When Moncrief mentions in footnote 7 that the Board and Castro-Rodriguez stated that 30 grams is a reasonable guidepost for what we consider 30 grams or below is a reasonable guidepost for what constitutes a small amount, Moncrief didn't reject that. They didn't accept it either, but they didn't reject it as that 30-gram guidepost. What the Board simply did is they looked at that 30-gram guidepost and said, hey, in this particular case, his conviction is for more than 30 grams up to 500. Even if it was 30.00001, it's more than 30 grams. It doesn't actually say that, though. I'm looking at the Board's decision. The Board just assumes greater than 30 grams is more than the small amount contemplated by the Court in Moncrief. It doesn't explain why that is. I think if you look to Castro-Rodriguez and actually the Third Circuit case that Catwell, which was relied upon by the Board and Castro-Rodriguez, you'd see that in Catwell the Court relied on two things. One, the 30-gram number isn't just arbitrary. It comes from the Immigration Nationality Act, which allows 30 grams or less to prevent deportation, basically, to be a way to get out of deportation. So it does show up, 30 grams does show up someplace in the INA, and that's why Castro-Rodriguez used that amount. It's just sort of a reasonable guideline to use for what constitutes a small amount. But in Catwell, that's another old case looking at offense conduct, not looking at the categorical approach. That's correct. So it's a flawed precedent for our purposes. But it does analyze very carefully what constitutes small amount, and if you look at that case as analysts of the statutory. So Kennedy's saying a couple of joints, but that's not right either. You make more than two joints out of an ounce of marijuana. No, I mean, whether Senator Kennedy's view of that is dispositive or not, I won't go into that. But I would just say that that's illustrative of how we come up with what amounts to a small amount of marijuana. I think that's not a bad approach to take, the one taken in Catwell. They used two factors, what's already in the INA and legislative history, to come up with less than 30 grams. Okay. The board's use of 30 grams as a useful guidepost in determining what petitioner's statute of conviction did not punish the small amount was reasonable under Montecrief, and they did use Montecrief, considered Montecrief when they came to that decision. Therefore, petitioner's conviction categorically fits with the Controlled Substances Act. Thank you. All right. Thank you. Anything further, Mr. Carpenter? Thank you. First, I don't believe that the 30-gram, the idea of a 30-gram limit comes from the INA or Section 237 for removability under the INA. The idea of a small amount within the CSA is very much independent of the INA, and I don't know what use the 30-gram exception within 237 is to the small amount in the CSA. And the idea of the guidepost, the government advances that it could be a little less, it could be a little more, I acknowledge that and I would agree with that depending on the context. The problem here is that the immigration judge and the Board of Immigration Appeals treated it as a limit and used that word, and that's the real problem here and didn't specifically employ the Montcrief approach of assuming just over 30 grams. In fact, the only place that that appears in the record is on our argument. As far as the Third Circuit cases go, I think they're readily distinguishable and not very helpful because they were pre-Montcrief, but Ketwell involved 120.5 grams. That was deemed to be small by the immigration judge. The Third Circuit disagreed. Maddy involved 63.73 grams, and the reason why that's the amount not less than 30 grams, as the government asserts, is because in that opinion you'll see that the IJ didn't believe the respondent's testimony that only part of the marijuana was his within the apartment. So that was predicated on 63.73 grams. It is all about statutory structure and the limits within the statute, and the Montcrief court was very aware of that and said when they rendered the opinion that they rendered that they acknowledged that larger traffickers of significant amounts of marijuana would be able to avail themselves of that decision, but that those offenders, within the categorical approach, those offenders necessarily would be able to avail themselves of cancellation of removal, but they preferred that degree of imperfection to relitigating all prosecutions, and they wanted to err on the side of under-inclusiveness because ambiguity in criminal statutes referenced by the INA must be construed in the noncitizen's favor. So they were aware of all of that, and I don't think that's either here nor there because that was considered. Thank you. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement.